Dear Mr. Kliebert:
I am in receipt of your request for an Attorney General's opinion concerning whether the St. James Parish School Board is required to accept a particular Custody By Mandate. You have indicated that the School Board has established administrative regulations that state that the custodial parent, as named in a Custody By Mandate is the only person that will be allowed to attend field trips, take part in parent-teacher conferences, sign school forms and be allowed to pick up report cards on behalf of a child. You have indicated that the School Board is now being given a modified version of the Custody By Mandate in which the parent retains the right to "attend field trips, pick up report cards, attend teacher-parent conferences, et cetera."
Specifically, you ask the following:
 Whether the School Board is required to honor the modified version of the Custody By Mandate or can the original Board policy be followed that the teachers and school system will only communicate with the custodial guardian.
Provisional Custody By Mandate is governed by LSA-R.S. 9:951 et seq. Section 951 sets forth the conditions in which a Custody By Mandate can be conferred. Section 952 sets forth the duration of a provisional custody which in no case can exceed one year from the date of execution. It also specifies other instances in which a Mandate of Provisional Custody shall be terminated. Section 953 sets forth the functions, powers and duties of an agent which includes enrolling a child in such schools or educational institutions as may be deemed necessary for a child's due and proper education. Section 954 sets forth the statutory form for a provisional Custody By Mandate.
LSA-R.S. 17:81 sets forth the general powers of each parish school board which includes making rules and regulations for its own government, not inconsistent with law or with the regulations of the State Board of Elementary and Secondary education, as it may deem proper.
LSA-R.S. 17:104 of the General School Law sets forth the authority and responsibility of the local boards which includes the authority to prescribe rules and regulations concerning the assignment, transfer and continuance of all pupils among and within the public schools within its jurisdiction. LSA-R.S. 17:104.1 specifically addresses the authority of local school boards and the effect of a provisional Custody By Mandate. It states the following:
 A mandate of provisional custody for the care, custody, and control of a minor child pursuant to R.S. 9:951 through 954 shall in no way limit the authority and responsibility of a city or parish school board to provide for the assignment, transfer, and continuance of pupils among and within the public schools within its jurisdiction or on the authority of a board to prescribe rules and regulations pertaining to these functions, including but not limited to the determination of student residency for school attendance and school transportation purposes.
It is my understanding that the St. James Parish School Board has established some administrative regulations that govern the authority a parent or guardian retains concerning their child once a provisional Custody By Mandate has been executed. I understand that your Board sends a letter to the parent(s) or legal guardian that executes the mandate which states the following in pertinent part:
 . . . parent(s), will not be able to receive report cards, progress reports, be vocal in conferences, PTO meetings, and will not receive any communication from the school in which the child attends. All correspondence will be sent to the persons having Provisional Educational Custody.
 Again, please be reminded that Provisional Educational Custody means that grantee has all the rights and privileges relative to your child's education.
 * * *
Since this notice is sent to all parents that execute a Provisional Custody By Mandate which allows the parent(s) to be aware of the Board's administrative regulations, LSA-R.S. 17:104.1 would not require the School Board to honor the modified Custody By Mandate as discussed above.
I hope this opinion sufficiently addresses your concerns. If I can be of further assistance, please let me know.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 By: __________________________ BETH CONRAD LANGSTON ASSISTANT ATTORNEY GENERAL
RPI/BCL/sc